ANDREW PARNES, ISB #4110
Attorney at Law
671 First Avenue North
Post Office Box 5988
Ketchum, Idaho 83340
Telephone:  (208) 726-1010
Facsimile:  (208) 726-1187
Email:  aparnes@mindspring.com

Attorney for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.20-CR-223-DCN |
| | ) | |
| vs. | ) | |
| | ) | JOINT MOTION TO CONTINUE |
| JULIA LAZUKINA, | ) | JURY TRIAL |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The parties by and through their respective counsel hereby stipulate to a continuance of the trial now set for May 16, 2022 to a date convenient to the Court in May 2023.

The Speedy Trial Act establishes a temporal framework for ensuring a criminal defendant's constitutional right to a speedy trial, as well as the public's interest in prompt criminal proceedings.  *See* 18 U.S.C. § 3161.  Pursuant to the Act, a criminal trial must commence within seventy days of the filing of the indictment, information, or the defendant's appearance, whichever occurs last.  *See id.* § 3161(c)(1).  The Act recognizes several bases for extending this seventy-day period, such as the filing of motions requiring a hearing and appointment of new defense counsel.  *Id.* § 3161(h)(7).  Most cases, therefore, involve a period of delay caused by common pleadings, such as dispositive motions.  In addition to these common

JOINT MOTION TO CONTINUE JURY TRIAL

types of delay, the Act also accommodates less-common delay caused by an unusually complex case. Section 3161(h)(7)(ii) recognizes that an ends-of-justice delay may be appropriate when:

> the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. § 3161(h)(7)(ii).

Under Ninth Circuit precedent interpreting this section, a case is sufficiently complex when the matter involves multiple defendants, multiple counts of complex wire-fraud charges, voluminous discovery, and witnesses "from both within and outside of Idaho." *See United States v. Butz*, 982 F.2d 1378, 1381 (9th Cir. 1993). Those complexities and more are present here.

Defendant Julia Lazukina is charged with laundering money for Pavel Babichenko, one of several defendants currently charged with operating a multi-million dollar scheme wherein they sold thousands of cellphones and cellphone accessories on Amazon.com and eBay.com, which they misrepresented as new and genuine Apple and Samsung products. *See United States v. Babichenko*, Case No. 1:18-cr-000258-BLW. The *Babichenko* defendants have been charged with operating this fraudulent scheme for the past ten years and alleged to have used sophisticated means to evade detection. Like the fraudulent scheme, the investigation into this criminal conspiracy has been complex and lengthy. This multi-agency investigation has resulted in hundreds of thousands of pages in discovery. Simply, both the nature of the fraudulent scheme and the prosecution are complex. After a lengthy trial this past summer, the jury hung as to the majority of charges against the defendants in the *Babichenko* matter, resulting in a mistrial. *See* Pretrial Order, *United States v. Babichenko*, Case No. 1:18-cr-000258-BLW, ECF 1225, at 1–2. Accordingly, the matter will be retried in May of 2022.

JOINT MOTION TO CONTINUE JURY TRIAL

The parties agree that the present matter should be tried after the Babichenko retrial. Because this Court has previously found this matter complex pursuant to 18 U.S.C. § 3161(h)(7)(ii), the statutory seventy-day timeframe does not apply. *See* Order, ECF 23, at 3. Additionally, under these circumstances, the ends of justice further support the requested continuance. In light of this background, the parties herein jointly move the Court for a further continuance of the present matter after consideration of the following factors: 1) this case has been deemed a complex case; 2) it is related to the multi-defendant case, *United States v. Babichenko, et. al.*, 1:18-cr-000258-BLW, which is now currently set for retrial in May 2022; 3) the discovery in the case is voluminous; 4) additional time is required for the effective preparation of the defense; and 5) Ms. Lazukina is out of custody and concurs in this stipulation.

Accordingly, the parties respectfully requests that the Court reset the trial to May 2023 because this matter was previously deemed complex and because the ends of justice so require based on the procedural posture, complexity of the case, the amount of discovery, and the defense's need to adequately prepare for trial.

DATED: January 24, 2022.

/s/ *Andrew Parnes*
Andrew Parnes
Attorney for Defendant

DATED: January 24, 2022.

/s/ *Katherine Horwitz*
Katherine Horwitz
Assistant United States Attorney
Attorney for Plaintiff

JOINT MOTION TO CONTINUE JURY TRIAL

3